UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ROBERT J. STRAKA, Individually, and On Behalf of All Others Similarly Situated, | § § § § | |
| Plaintiff, | § § | CASE NO.  3:16-cv-02192 |
| v. | § § § | JURY TRIAL DEMANDED |
| METHODIST DALLAS MEDICAL CENTER AUXILIARY, METHODIST CHARLTON MEDICAL CENTER, METHODIST MANSFIELD AMBULATORY SURGERY CENTER, LLC, METHODIST RICHARDSON MEDICAL CENTER, METHODIST REHABILITATION HOSPITAL, AND METHODIST HOSPITALS OF DALLAS, | § § § § § § § § § § | |
| Defendants. | § § § | |

PLAINTIFF'S FIRST AMENDED[1] COLLECTIVE AND CLASS
ACTION COMPLAINT & JURY DEMAND

SUMMARY OF SUIT

1.      This case implicates the longstanding policy of Methodist Hospital,[2] which fails to properly compensate non-exempt nurses for work performed during meal periods.

2.      Employers are not required to pay employees for meal periods if the employer can satisfy its burden of demonstrating the employee received a *bona fide* meal period which primarily benefited the employee.  Defendant does not provide bona fide meal periods for its nurses who are responsible for direct patient care.  Nurses who work for Defendant are required

---

[1] Plaintiff files this Amended Complaint pursuant to Fed. R. Civ. Pro. 15(a)(1).

[2] Methodist Dallas Medical Center Auxiliary, Methodist Charlton Medical Center, Methodist Mansfield Ambulatory Surgery Center, LLC, Methodist Richardson Medical Center, Methodist Rehabilitation Hospital, and Methodist Hospitals of Dallas (hereinafter referred to collectively as "Methodist" or "Defendant").

to remain responsible for patient care throughout their shift.  Instead of making nurses clock out for their meal periods and then clock back in at the end of a meal period, Defendant assumes nurses were able to find a 30-minute block of time to enjoy a bona fide meal period.  In fact, this does not occur.  Nonetheless, Defendant then deducts 30 minutes from nurses' shifts for a meal period, when in fact, nurses remain on duty during that time.   Defendant instituted policies and practices that result in nurses being responsible for patient care throughout their shift, even when they attempt to have a bite to eat.  Interruptions abound.

3.     Defendant's policies and practices result in nurses being denied wages due under the Fair Labor Standards Act.  Under this policy, non-exempt nurses involved in direct patient care were not completely relieved of duties during meal periods and were denied pay for those on-duty meal periods.  Defendant continues to require nurses responsible for direct patient care to remain on duty and subject to interruptions during meal breaks.

4.     Plaintiff Robert Straka is similarly situated to the following classes of employees:

**FLSA Class:**

> **Nurses employed at the following Methodist Hospitals at any time during the period starting three (3) years before this Complaint was filed up to the present who were either interrupted or were subject to interruptions during their meal breaks: Methodist *Dallas* Medical Center, Methodist *Charlton* Medical Center, Methodist *Mansfield* Medical Center, Methodist *Richardson* Medical Center, Methodist Rehabilitation Hospital and Methodist Hospitals of Dallas locations.**

**Rule 23 Class:**

> **Nurses employed at the following Methodist Hospitals at any time during the four (4) years before this Complaint was filed to the present who performed work for Methodist during some of their meal periods without pay and worked 40 or fewer hours during any week: Methodist Dallas Medical Center, Methodist Charlton Medical Center, Methodist Mansfield Medical Center, Methodist Richardson Medical Center, Methodist Rehabilitation Hospital and Methodist Hospitals of Dallas locations.**

Defendant, and all of the Texas hospital facilities under Defendant's ownership, management and control, violated the FLSA and state law by knowingly and willfully permitting Plaintiff and Class Members to perform work and/or remain on duty during their meal breaks, subjecting them to interruptions during their meal breaks at all times.  Defendant had notice that Plaintiff and Class Members expected to be paid for their work on an hourly basis.  Defendant received the value of Plaintiff's and Class Members' work performed during their meal periods without compensating them for their services.  Defendant willfully, deliberately, and voluntarily failed to pay Plaintiff and Class Members compensation for work performed.

5.      Defendant's conduct violates the FLSA because of the mandate that non-exempt employees, such as Plaintiff and the Class Members, be paid at one and one-half their regular rate of pay for all hours worked in excess of forty within a single week.  *See* 29 U.S.C. § 207(a).

6.      Defendant's conduct violates state law because Defendant and Plaintiff had an enforceable agreement whereby Plaintiff agreed to perform work for Defendant, and in return Defendant was to pay Plaintiff and Class Members at an agreed hourly rate for all time in which they performed compensable work.  Even if no enforceable agreement exists, Defendant received and accepted valuable services from Plaintiff and Class Members with notice that they expected to be paid hourly for these services, yet Defendant failed to pay Plaintiff and Class Members for services performed on Defendant's behalf during their meal periods.  This obligation to pay nurses for valuable services rendered during supposed meal periods derives not from the FLSA, but from common law of Texas.

7.      Therefore, Plaintiff files this action to recover on behalf of themselves and Class Members all unpaid wages, compensation and other damages owed to them under the FLSA and state law, individually, as a 29 U.S.C. § 216(b) collective action, and as a class action under Federal Rule of Civil Procedure 23, in order to remedy the sweeping practices which Defendant

3

has integrated into its time tracking and payroll policies and which have deprived Plaintiff and Class Members of their lawfully-earned wages.

8.      In addition, Plaintiff and Class Members were required to work additional time outside of their scheduled shifts to keep up with the demands of the job.  Defendant was aware that Plaintiff and Class members performed this work, but failed to pay them at the applicable overtime and hourly rate.  This practice likewise violates the FLSA and state law.

## SUBJECT MATTER JURISDICTION AND VENUE

9.      This court has federal question jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 as this case is brought under the laws of the United States, specifically the FLSA, 29 U.S.C. § 201, *et seq.*  This Court has supplemental jurisdiction over Plaintiff's state-law claims pursuant to 28 U.S.C. § 1367.

10.     Venue is proper in the Northern District of Texas because Defendant operates multiple facilities in this district and because a substantial portion of the events forming the basis of this suit occurred in this District.

## PARTIES AND PERSONAL JURISDICTION

11.     Plaintiff Robert Straka is an individual residing in Dallas County, Texas.  Mr. Straka is employed as a nurse by Defendant in Dallas, Texas at the Methodist Hospital Dallas Medical Center location.  Mr. Straka's written consent form is attached as Exhibit A.

12.     Class Members are all of Defendant's current and former hourly-paid nurses meeting the definitions in paragraph 4 above.

13.     Defendant Methodist Dallas Medical Center Auxiliary is a domestic, non-profit corporation.  Defendant may be served with process by serving its registered agent Dyanne Beaupre at MDMC Auxiliary 1441 N. Beckley Avenue Dallas, TX 75203.

14.     Defendant Methodist Charlton Medical Center is a domestic, non-profit corporation.  Defendant may be served with process by serving its registered agent C T Corporation System at 1999 Bryan Street, Ste. 900 Dallas, Texas 75201.

15.     Defendant Methodist Mansfield Ambulatory Surgery Center LLC is a domestic, non-profit corporation.  Defendant may be served with process by serving its registered agent C T Corporation System at 1999 Bryan Street, Ste. 900 Dallas, Texas 75201.

16.     Defendant Methodist Richardson Medical Center Foundation, INC is a domestic, non-profit corporation.  Defendant may be served with process by serving its registered agent Michael O. Price, at Methodist Health System, 1441 N. Beckley Avenue Dallas, TX 75203.

17.     Defendant Methodist Rehabilitation Hospital is a domestic, non-profit corporation.  Defendant may be served with process by serving its registered agent C T Corporation System at 1999 Bryan Street, Ste. 900 Dallas, Texas 75201.

18.     Defendant Methodist Hospitals of Dallas is a domestic, non-profit corporation. Defendant may be served with process by serving its registered agent C T Corporation System at 1999 Bryan Street, Ste. 900 Dallas, Texas 75201.

## **FLSA COVERAGE**

19.     At all material times, Defendant has been an employer within the meaning of the FLSA under 29 U.S.C. § 203(d).

20.      At all material times, Defendant has been an enterprise within the meaning of the FLSA under 29 U.S.C. § 203(r).

21.     Plaintiff and Class Members are employees of Defendant within the meaning of 29 U.S.C. § 203(e).

22.     At all material times, Defendant has been an enterprise in commerce or in the production of goods for commerce within the meaning of 3(s)(1) of the FLSA because Defendant has had and continues to have employees engaged in commerce. 29 U.S.C. § 203(s)(1).

23.     Here, Defendant has had, and continues to have, an annual gross business volume of not less than $500,000, thereby exceeding the statutory standard. 26 U.S.C. § 203 (s)(1)(A)(ii).

24.     In addition to Plaintiff, Defendant has employed numerous other employees, who like Plaintiff, are medical care staff engaged in interstate commerce.  Further, Defendant itself is engaged in interstate commerce since it orders supplies across state lines, conducts business deals with merchants across state lines, and processes patients' credit cards with banks in other states.

25.     At all material times, Plaintiff and Class Members were employees who engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. § 207.

## FACTS

26.     Defendant operates a chain of hospitals that provide healthcare services. Defendant's hospital facilities include the following:

a.     Methodist Dallas Medical Center;

b.     Methodist Charlton Medical Center;

c.     Methodist Mansfield Medical Center;

d.     Methodist Richardson Medical Center;

e.     Methodist Rehabilitation Hospital; and

f.     Methodist Hospitals of Dallas.

27.     Defendant employs over 20,000 people, including the Class Members, across its numerous Texas facilities.

6

**Defendant's Payroll Policy for Meal Periods.**

28.     During at least the last four years, Defendant has had a payroll policy of not compensating hourly-paid nurses for work performed during their meal periods, subjecting them to interruptions and requiring them to remain on duty during those meal periods.

29.     This policy applies to all hourly-paid, non-exempt nurses who are responsible for direct patient care.

30.     This payroll policy applies to non-exempt nurses at the following Methodist Hospitals:

    1.  Methodist Dallas Medical Center;

    2.  Methodist Charlton Medical Center;

    3.  Methodist Mansfield Medical Center;

    4.  Methodist Richardson Medical Center;

    5.  Methodist Rehabilitation Hospital; and

    6.  Methodist Hospitals of Dallas.

31.     Interruptions occur in multiple ways. One way in which Defendant encourages interruptions is by requiring nurses to carry a cordless phone or other electronic device with them during their shifts so they may receive calls/requests from their patients and hospital personnel. Nurses are required to respond to these calls.  This policy applies to hourly-paid nurses at the following Methodist Hospitals:

    1.      Methodist Dallas Medical Center;

    2.      Methodist Charlton Medical Center;

    3.      Methodist Mansfield Medical Center;

    4.      Methodist Richardson Medical Center;

    5.      Methodist Rehabilitation Hospital; and

    6.      Methodist Hospitals of Dallas.

32.     In practice, nurses involved in direct patient care are not permitted to take a 30-minute uninterrupted and *bona fide* meal break due to the demands of their jobs during the majority of their shifts.  In the rare instances where they attempt a meal break, they remain on duty in that they are required to respond to calls from their patients, doctors, patients' families, other nurses and hospital staff, attend to the normal demands of the job, and otherwise respond to emergencies.

33.     Plaintiff has been employed by Defendant as a nurse during the last three (3) years. As a nurse, Plaintiff's primary responsibilities included: providing patient care and monitoring; administering medicine to patients; interacting with other hospital employees and visitors; monitoring blood-work and patient test results; and responding to emergency situations. Plaintiff was subjected to Defendant's time, pay, meal break, and overtime policies and practices. He routinely performed work during his entire shift, was subject to interruptions during any attempted meal break, in fact was interrupted on a regular basis, performed work with Defendant's knowledge, and was denied pay for the time he spent engaged in this work.

34.     FLSA/Rule 23 Class Members were employed by Defendant and performed work materially similar to Plaintiff.

35.     Plaintiff and FLSA/Rule 23 Class Members reported to a hospital facility owned, operated, or managed by Defendant to perform their jobs.

36.     Plaintiff and FLSA/Rule 23 Class Members performed their jobs under Defendant's supervision, and using materials and technology approved and supplied by Defendant.

37.     Plaintiff and FLSA/Rule 23 Class Members were required to follow and abide by common work, time, pay, and overtime policies and procedures in the performance of their jobs.

38.     At the end of each pay period, Plaintiff and Class Members received wages from Defendant that were determined by common systems and methods that Defendant selected and controlled.

39.     Defendant paid Plaintiff an hourly rate.

40.     Defendant paid FLSA and Rule 23 Class Members an hourly rate.

41.     Plaintiff worked more than forty hours in at least one workweek during the three years before this Complaint was filed.

42.     Each FLSA Class Member worked more than forty hours in at least one workweek during the three years before this Complaint was filed.

43.     When Plaintiff and Class Members worked more than forty hours in a workweek, Defendant did not pay them one and one-half times their regular hourly rate due to their failure to include time worked during meal periods in the total of hours worked in a given work week. This unpaid time is compensable under the FLSA because (1) Plaintiff and FLSA/Rule 23 class members were not completely relieved of their duties, (2) they were interrupted or subject to interruptions with work duties during any attempted meal period, or (3) they entirely skipped the meal period due to work demands.

44.     Throughout the relevant period, Defendant expected and required Plaintiff and Class Members to be available to work during their entire shifts, even during any attempted meal breaks.  These 30-minute intervals of deducted time constitute compensable time under the state law because (1) Defendant breached an agreement with Plaintiff and Rule 23 Class Members by not paying them the agreed hourly rate for all hours worked, or, in the alternative, (2) Defendant received and accepted the value of Plaintiff and Rule 23 Class Members' unpaid work with reasonable notice that Plaintiff and Class Members expected to be paid for all hours worked, or (3) Defendant has been unjustly enriched by receiving the benefit of Plaintiff's unpaid work.

45.     Defendant has employed hundreds of people meeting the definitions of FLSA and Rule 23 Class Members in this Complaint during the three-year period before this lawsuit was filed.

46.     Defendant classifies Plaintiff as non-exempt from overtime pay.

47.     Defendant classifies all FLSA and Rule 23 Class Members as defined in this Complaint as non-exempt from overtime pay.

48.     Defendant's method of paying Plaintiff and Class Members was willful, and was not based on a good faith and reasonable belief that its conduct complied with the FLSA.

### FLSA COLLECTIVE ACTION ALLEGATIONS

49.     Plaintiff brings this Complaint as a collective action pursuant to 29 U.S.C. § 216(b) on behalf of herself and all employees meeting the FLSA Class definition in paragraph 4 above.  Defendant has not compensated these employees for the unpaid meal breaks as described above.

50.     Per 29 U.S.C. § 216(b), this action may be brought as an "opt-in" collective action for the claims asserted by Plaintiff because her claims are similar to the claims possessed by FLSA Class Members.

51.     Plaintiff has actual knowledge that FLSA Class Members have been denied compensation for time worked, including for meal breaks worked or interrupted.  In addition, Plaintiff has actual knowledge that FLSA Class Members have also been denied overtime pay for this work and would therefore likely join this collective action if provided a notice of their rights to do so together with a clear statement that doing so would not result in termination or other forms of retaliation by Defendant.

52.     Plaintiff is similarly situated to FLSA Class Members.  Like Plaintiff, Defendant subjected FLSA Class Members to its common practice, policy, or plan of refusing to pay overtime for all work performed, in clear violation of the FLSA.

53.     Other nurses similarly situated to Plaintiff work, or have worked, for Defendant but were not paid overtime at the rate of one and one-half times their regular hourly rate when those hours exceeded forty per workweek for meal breaks during which they were not completely relieved of their duties that were interrupted, interruptible, or entirely missed due to work demands.

54.     Although Defendant permitted and/or required FLSA Class Members to work in excess of forty (40) hours per workweek, Defendant has denied them full compensation for their hours worked over forty (40) for meal breaks that were interrupted due to work demands.

55.     FLSA Class Members perform or have performed the same or similar work as Plaintiff involving direct patient care.

56.     FLSA Class Members regularly work or have worked in excess of forty hours during a workweek.

57.      FLSA Class Members are not exempt from receiving overtime compensation under the FLSA.

58.     Defendant's failure to pay overtime compensation required by the FLSA results from generally applicable policies or practices, and does not depend on the personal circumstances of FLSA Class Members.

59.     Although Plaintiff and FLSA Class Members may have different job titles and/or work in different hospital facilities, this action may be properly maintained as a collective action on behalf of the defined class because, throughout the relevant period:

a.     Defendant maintained common scheduling systems and policies with respect to Plaintiff and FLSA Class Members, controlled the scheduling systems and policies implemented throughout their facilities and retained authority to review and revise or approve the schedules assigned to Plaintiff and FLSA Class Members;

b.     Defendant maintained common timekeeping systems and policies with respect to Plaintiff and FLSA Class Members;

c.     Defendant maintained common payroll systems and policies with respect to Plaintiff and FLSA Class Members, controlled the payroll systems and policies applied to Plaintiff and FLSA Class Members and set the pay rate assigned to Plaintiff and FLSA Class Members; and

d.     Defendant controlled the meal break work policies and practices at issue in the litigation and had the ability to deprive Plaintiff and FLSA Class Members of wages owed for meal break work they performed.

60.     The specific job titles or precise job responsibilities of each Class Member do not prevent collective treatment.

61.     FLSA Class Members, irrespective of their particular job requirements, are entitled to overtime compensation for hours worked in excess of forty during a workweek for interrupted or missed meal breaks.

62.     Although the exact amount of damages may vary among FLSA Class Members, the damages for FLSA Class Members can be easily calculated, summed, and allocated based on a simple formula.

63.     Plaintiff and FLSA Class Members' claims arise from a common nucleus of operative facts; namely, the continued and willful failure of Defendant to comply with its

obligation to legally compensate its employees.  Liability is based on a systematic course of wrongful conduct by Defendant that caused harm to all FLSA Class Members.  Defendant had a plan, policy or practice of not paying Plaintiff and FLSA Class Members for interrupted or missed meal breaks.

64.     As such, the class of similarly situated Plaintiffs is properly defined as stated above in paragraph 4.

65.     Plaintiff estimates that the FLSA Class, including both current and former employees over the relevant period, will include more than 5,000 people.  The precise number of FLSA Class Members should be readily available from Defendant's personnel, scheduling, time and payroll records, and from input received from Class Members as part of the notice and "opt-in" process provided by 29 U.S.C. § 216(b).  The names and addresses of the Class Members of the collective action are discoverable from Defendant.  Given the composition and size of the Class, notice will be provided to these individuals via First Class Mail, e-mail and other modes of notice similar to those customarily used in representative actions.

**COUNT ONE:**
**VIOLATION OF 29 U.S.C. § 207**
**FAILURE TO PAY OVERTIME COMPENSATION**
**(COLLECTIVE ACTION)**

66.     Plaintiff incorporate all allegations contained in the foregoing paragraphs.

67.     Plaintiff and FLSA Class Members, Defendant's employees, are similarly situated individuals within the meaning of the FLSA, 29 U.S.C. § 216(b).

68.     The FLSA requires each covered employer to compensate all non-exempt employees at a rate of not less than one and one-half times their regular hourly rate for all hours worked in excess of forty hours per week.

69.    Throughout the relevant period, Defendant expected and required Plaintiff and FLSA Class Members to be available to work during their promised meal breaks.

70.    Plaintiff and FLSA Class Members have been harmed as a direct and proximate result of Defendant's unlawful conduct because they have been deprived of wages owed for work they performed and from which Defendant derived a direct and substantial benefit.

71.    Defendant cannot satisfy its burden of proof to demonstrate Plaintiff and FLSA Class members received a bona fide meal period for every 30 minutes deducted from their wages automatically.

72.    Defendant violated and continues to violate the FLSA when it fails to pay Plaintiff and FLSA Class Members under 29 U.S.C. § 207 as non-exempt employees.  Because of these violations, Plaintiff and FLSA Class Members have suffered a loss of wages.

73.    Defendant's failure to pay overtime to Plaintiff and FLSA Class Members, in violation of the FLSA, was willful and not based on a good faith belief that its conduct did not violate the FLSA.  The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

**COUNT TWO:**
**VIOLATION OF 29 U.S.C. § 207 FAILURE TO PAY OVERTIME**
**COMPENSATION FOR "OFF THE CLOCK" WORK**

74.    Plaintiff incorporates all allegations contained in the foregoing paragraphs.

75.    Throughout the relevant period, Defendant suffered and/or permitted Plaintiff to work additional time outside of his shift for work-related tasks.  These tasks include, but are not limited to, checking on patients, locating and gathering equipment and supplies, responding to emergencies, and reviewing or completing charting.

76.     Plaintiff was actively discouraged from logging time outside the parameters set by Defendant.  However, due to the demands of the job, Plaintiff routinely performed work-related tasks outside of her scheduled shift.

77.     Accordingly, consistent with the policies and procedures set up by Defendant, Plaintiff performed work for which he was not compensated.  Defendant's policies and practices favored Defendant at the expense of Plaintiff.

78.     Defendant violated and continues to violate the FLSA when it fails to pay Plaintiff for "off the clock" work under 29 U.S.C. § 207 as a non-exempt employee.  Because of these violations, Plaintiff has suffered a wage loss in weeks where the total time worked (logged and unlogged) exceeds forty hours.

79.     Defendant's failure to pay overtime to Plaintiff, in violation of the FLSA, was willful and not based on a good faith belief that its conduct did not violate the FLSA.  The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

## STATE LAW RULE 23 CLASS ACTION ALLEGATIONS

80.     Plaintiff incorporates all allegations contained in the foregoing paragraphs.

81.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiff, individually and on behalf of all other similarly situated employees, pursue state-law claims for breach of contract, *quantum meruit*, money had and received, and unjust enrichment against Defendant.

82.     Plaintiff seeks certification of the class defined in paragraph 4 pursuant to Rule 23 of the Federal Rules of Civil Procedure.

83.     Plaintiff, individually and on behalf of other similarly situated employees, seeks relief on a class basis challenging Defendant's practice of requiring nurses to remain on duty during meal break times, thereby requiring unpaid work and failing to pay Plaintiff and other

similarly situated employees their agreed rate of pay or the reasonable value of the services they rendered for all hours worked.

84.     Throughout the relevant period, whether through an agreement, handbook, and/or policy concerning the provision of meal breaks, Defendant promised to provide Plaintiff and Rule 23 Class Members in the Texas hospital facilities at issue with one unpaid meal break per shift.

85.     Throughout the relevant period, Defendant routinely knowingly allowed Plaintiff and Rule 23 Class Members to perform work during unpaid meal breaks and required them to remain on duty.

86.     Throughout the relevant period, Defendant knew that Plaintiff and Rule 23 Class Members regularly performed work during meal breaks because Defendant's agents regularly encouraged, instructed, suffered and permitted Plaintiff and Rule 23 Class Members to perform this work and observed this work being performed on a regular basis.

87.     Moreover, Defendant required nurses to comply with the professional codes of conduct and the hospital's own policy of putting patient safety and health ahead of meal periods. Defendant required nurses to attend to the needs of their patients even while attempting to take a meal period. Defendant was aware that its nurses followed these professional codes and hospital nursing policies by tending to patients when needed during the nurses' meal periods.

88.     Throughout the relevant period, Defendant knew that Plaintiff and Rule 23 Class Members, regardless of their specific job title or location, regularly performed meal break work because Plaintiff and Rule 23 Class Members routinely engaged in meal break work on Defendant's premises, in plain sight, and at their managers' request. Even on the occasions where Plaintiff and Rule 23 Class Members did not perform actual work—a rare occasion if

16

ever—Plaintiff and Rule 23 Class Members still provided a valuable benefit to Defendant by the mere act of being available to address patient health and safety issues.

89.     As a result, throughout the relevant period, Defendant knew that Plaintiff and Rule 23 Class Members were not being properly compensated for all of their meal break work.

90.     Regardless, during the relevant period, Defendant failed to pay Plaintiff and Rule 23 Class Members for the valuable services provided during their meal breaks, or prohibit Plaintiff and the Rule 23 Class Members from performing unpaid meal break work. On the contrary, Defendant specifically authorized work to be done during meal periods and received the benefit of such work.

91.     Defendant maintained common work, time, pay, and meal break policies and procedures in the Texas hospital facilities at issue during the relevant period.  As a result, Plaintiff and Rule 23 Class Members are similarly situated regardless of their job title or location, and have been regularly deprived of pay owed for meal break work they performed in workweeks where Plaintiff and the Rule 23 Class Members worked forty hours or less.

92.     As a result of their improper conduct, Defendant has retained money that they should have paid to Plaintiff and Rule 23 Class Members for meal break work.  By retaining this money, Defendant has received an inequitable windfall through, *inter alia*, reduced labor and operations costs and enhanced profit margins.

93.     Plaintiff's state-law claims against Defendant for breach of contract, quantum meruit, money had and received, and unjust enrichment against Defendant all satisfy the numerosity, commonality, typicality, adequacy, and superiority requirements of a class action.

94.     **Numerosity**. The class satisfies the numerosity standard as it is believed to number over 1,000 Rule 23 Class Members.  Consequently, joinder of all Rule 23 Class

Members in a single action is impracticable.  The data required to calculate the size of the class is within the sole control of Defendant.

95.    **Commonality**. There are questions of law and fact common to the class that predominate over any questions affecting individual members.  The questions of law and fact common to the class arising from Defendant's actions include, without limitation, the following:

a.    Whether Defendant had a policy and practice of requiring nurses to remain on duty during meal breaks by subjecting them to interruptions;

b.    Whether remaining available to tend to patient health and safety issues provides a valuable service to Defendant;

c.    Whether Defendant directed, required, requested, and/or permitted Plaintiff and Rule 23 Class Members to work during unpaid meal breaks;

d.    Whether Defendant knew or should have known that Plaintiff and Rule 23 Class Members were not compensated for work performed during unpaid meal breaks;

e.    Whether agreements existed between Plaintiff and Rule 23 Class Members concerning payment for work performed during unpaid meal breaks, and whether Defendant breached such agreements;

f.    Whether Defendant derived a benefit from the nurses being required to respond to the needs of the patients during their unpaid meal periods pursuant to professional codes of conduct and hospital policies;

g.    Whether valuable services were rendered to Defendant by the Plaintiff and Rule 23 Class Members during unpaid meal break times, and whether Defendant accepted the benefit of Plaintiff's and Rule 23 Class Members' unpaid services;

h.    Whether Defendant was unjustly enriched by Plaintiff's and Rule 23 Class Members' unpaid work;

i.    The proper measure of damages, including whether the reasonable value of such

services can be based on the agreed hourly rate of pay.

96.    **Typicality**. Plaintiff's claims are typical of those of the class because Plaintiff's

claims arise from the same course of conduct and legal theories as the claims of the prospective

Rule 23 Class Members.   Like the Rule 23 Class Members, the Plaintiff worked as a nurse for

Methodist Hospital in the class definition during the relevant time period.   Like the Rule 23

Class Members, Plaintiff was subject to the identical hospital-wide policy requiring nurses to

remain on duty during meal periods, and were subject to interruptions during such times.   Like

the Rule 23 Class Members, Plaintiff was subject to the same professional code of conduct and

hospital policies requiring nurses to tend to the care of their patients even during the unpaid meal

periods.   The other facts outlined above likewise apply equally to both the Plaintiff and the Rule

23 Class Members.

97.    **Adequacy**. Plaintiff is an adequate representative of the class because his interests

do not conflict with the interests of the Rule 23 Class Members he seeks to represent.   The

interests of the members of the class will be fairly and adequately protected by Plaintiff and the

undersigned counsel, who has experience in employment and class action lawsuits.

98.    **Superiority**. A class action is superior to other available means for the fair and

efficient adjudication of this lawsuit.   Even in the event any member of the Class could afford to

pursue individual litigation against a company the size of Methodist Hospital, doing so would

unduly burden the court system.   Individual litigation of potentially 5,000 claims would magnify

the delay and expense to all parties and flood the court system with duplicative lawsuits.

Prosecution of separate actions by individual members of the Class would create risk of

inconsistent and varying judicial results and establish incompatible standards of conduct for

Defendant. A single class action can determine the rights of all Rule 23 Class Members in conformity with the interest of efficiency and judicial economy.

## COUNT ONE: BREACH OF CONTRACT

99.     Plaintiff incorporates all allegations contained in the foregoing paragraphs.

100.    A valid and enforceable agreement existed between Plaintiff and Defendant, and Rule 23 Class Members and Defendant, the terms and conditions of which include, but are not limited to, an agreement by Plaintiff and Rule 23 Class Members to perform services for Defendant, and for Defendant to pay Plaintiff and Rule 23 Class Members at an agreed hourly rate for all time in which they performed compensable work.

101.    Plaintiff and Rule 23 Class Members duly performed under the agreement at Defendant's direction and for its benefit.

102.    Defendant failed and refused to perform its obligations under the agreement by failing to pay Plaintiff and Rule 23 Class Members for work performed during interrupted meal periods, thereby failing to compensate Plaintiff and Rule 23 Class Members for all time worked on behalf of Defendant.

103.    Plaintiff and Rule 23 Class Members are entitled to recover damages from these breaches for the last four years.

104.    Plaintiff and Rule 23 Class Members are entitled to attorney's fees for such breach of contract.

## COUNT TWO: QUANTUM MERUIT

105.    Plaintiff incorporates all allegations contained in the foregoing paragraphs.  This claim is plead in the alternative to the breach of contract claim.

106.    Plaintiff and Rule 23 Class Members performed valuable services for Defendant during their unpaid meal break periods.

107.    These services had a reasonable value no less than the agreed hourly rate.

108.    Defendant accepted and retained the benefit of Plaintiff's and Rule 23 Class Members' performance of these valuable services.

109.    No contract exists between Plaintiff and Defendant, and Rule 23 Class Members and Defendant, regarding the provision of services during unpaid meal break periods.

110.    Defendant had reasonable notice and/or knowledge that Plaintiff and Rule 23 Class Members expected to be compensated for services rendered for the Defendant.

111.    Defendant failed to pay Plaintiff and Rule 23 Class Members the reasonable value of the services performed during unpaid meal break periods.

112.    Plaintiff and Rule 23 Class Members are entitled to recover damages under this claim for the last four years.

113.    Plaintiff and Rule 23 Class Members are entitled to attorney's fees and costs under this claim.

## COUNT THREE: MONEY HAD AND RECEIVED

114.    Plaintiff incorporates all allegations contained in the foregoing paragraphs.

115.    Defendant received money from its patients and their agents for the work performed by Plaintiff and Rule 23 Class Members during their meal breaks, while Defendant failed to pay Plaintiff and Rule 23 Class Members for such work.

116.    Defendant holds money that in equity and good conscience belongs to Plaintiff and Rule 23 Class Members due to its failure to pay Plaintiff and Rule 23 Class Members for all hours worked.

## COUNT FOUR: UNJUST ENRICHMENT

117.    Plaintiff incorporates all allegations contained in the foregoing paragraphs.

118.     Defendant has been unjustly enriched at the expense of the Plaintiff and Rule 23 Class Members by failing to pay for work performed by Plaintiff and Rule 23 Class Members during meal periods.

119.     Defendant knowingly and/or intentionally accepted the benefit of the work performed by Plaintiff and the Rule 23 Class Members, despite its policy and practice of failing to pay Plaintiff and Rule 23 Class Members for such work.  In particular, Defendant received the benefit of the labor and services provided to Defendant's customers (patients) by the Plaintiff and Rule 23 Class Members.

120.     Such wrongful conduct demonstrates bad faith and undue advantage on the part of Defendant.

121.     It would be unjust and inequitable for Defendant to retain the benefit of the unpaid work performed by Plaintiff and Rule 23 Class Members.

## DAMAGES SOUGHT

122.     Plaintiff and FLSA Class Members are entitled to recover their unpaid overtime wage compensation.

123.     Plaintiff and FLSA Class Members are also entitled to an amount equal to all of their unpaid wages due under the FLSA as liquidated damages.  29 U.S.C. § 216(b).

124.     Plaintiff and FLSA Class Members are entitled to recover attorney's fees and costs as required by the FLSA.  29 U.S.C. § 216(b).

125.     Plaintiff and Rule 23 Class Members are entitled to recover damages flowing from the breach of contract, the reasonable value of the services they provided, all monies held by Defendant that belong to Plaintiff and Rule 23 Class Members, the value by which Defendant was unjustly enriched by receiving the unpaid labor, attorneys' fees and costs, pre-judgment and

post-judgment interest as provided by law, and such other relief the Court deems fair and equitable.

## JURY DEMAND

126.    Plaintiff hereby requests a trial by jury.

## PRAYER

127.    For these reasons, Plaintiff and Class Members respectfully request that judgment be entered in their favor awarding the following relief:

    i.  An order designating this action as a collective action on behalf of the Collective Class and issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated individuals;

    ii.  An order certifying this case as a Class Action under Rule 23 of the Federal Rules of Civil Procedure;

    iii.  An order finding that Defendant violated the FLSA;

    iv.  An order finding that these violations were willful;

    v.  All unpaid wages;

    vi.  An equal amount as liquidated damages as allowed under the FLSA;

    vii.  Reasonable attorney's fees, costs, and expenses of this action as provided by the FLSA; and

    viii.  Such other and further relief to which Plaintiff and Class Members may be entitled at law or in equity.

Respectfully submitted,

KENNEDY HODGES, L.L.P.

By: /s/ Galvin B. Kennedy
  Galvin B. Kennedy
  gkennedy@KennedyHodges.com
  Texas State Bar No. 00796870
  Federal Bar No. 20791
  4409 Montrose Blvd., Ste. 200
  Houston, Texas 77006
  Telephone:  (713) 523-0001
  Facsimile:   (713) 523-1116

*ATTORNEY- IN-CHARGE FOR PLAINTIFF
AND CLASS MEMBERS*

**<u>OF COUNSEL</u>**:

Beatriz Sosa-Morris (will file for admission)
Texas State Bar No. 24076154
Federal Bar No. 1552137
bsosamorris@kennedyhodges.com
KENNEDY HODGES, L.L.P.
4409 Montrose Blvd., Suite 200
Houston, Texas 77006
Telephone:  (713) 523-0001
Facsimile:   (713) 523-1116

24