UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ROBERT STRAKA, Individually, and on Behalf of All Others Similarly Situated, | § § § § § | |
| Plaintiff, | | |
| v. | § | CIVIL ACTION NO. 3:16-CV-2192-B |
| METHODIST DALLAS MEDICAL CENTER AUXILIARY, ET AL., | § § § § § | |
| Defendants. | | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff Robert Straka's motion for equitable tolling. Doc. 61. For the following reasons, the Court **DENIES** the motion.

On February 27, 2018, Straka filed a motion for equitable tolling, in which he asks the Court toll the statute of limitations of putative class members to April 27, 2017. *Id.* at 2. He argues that equitable tolling is warranted because he has diligently pursued his claims and the delay associated with his motion to conditionally certify is attributed to the Court, not him. *Id.* at 2–6. Methodist argues in its response that Straka has not demonstrated extraordinary circumstances justifying equitable tolling. Doc. 63, Defs.' Resp., 2–3.

The Court agrees with Methodist. A district court may exercise its discretion to equitably toll the statute of limitations in an FLSA case if the plaintiff demonstrates that "he has been pursuing his rights diligently, . . . and . . . some extraordinary circumstance [applies]." *Sandoz v. Cingular Wireless, L.L.C.*, 700 F. App'x 317, 320 (5th Cir. 2017) (internal quotation marks and citation omitted). "[T]he Fifth Circuit takes a strict view of the FLSA's provision that statute of limitations

run from the opt-in date, and courts cannot change the terms of the statute unless warranted by extraordinary circumstances." *Mejia v. Bros. Petroleum, LLC*, No. CIV.A. 12-2842, 2014 WL 3853580, at *1 (E.D. La. Aug. 4, 2014); *see also Sandoz*, 700 F. App'x at 320 ("Equitable tolling is a narrow exception . . . that should be applied sparingly." (internal quotation marks and citation omitted)).

The extraordinary circumstance Straka says justifies equitable tolling is the Court's delay in ruling on his motion to conditionally certify. Doc. 61, Pl.'s Mot., 2, 4. But "inevitable court delays are part of routine litigation which, by definition, do not equate with extraordinary circumstances." *Robinson v. RWLS, LLC*, No. SA-16-CA-00201-OLG, 2017 WL 1535072, at *2 (W.D. Tex. Mar. 14, 2017). Indeed, "[c]ourts in the Fifth Circuit regularly deny motions for equitable tolling when the only justification provided is the delay in deciding a motion for conditional class certification." *Espinosa v. Stevens Tanker Div., LLC*, No. SA-15-CV-879-XR, 2016 WL 4180027, at *4 (W.D. Tex. Aug. 5, 2016). Because court delay is the only arguable circumstance Straka offers, the Court **DENIES** his motion for equitable tolling.

SO ORDERED

SIGNED: April 3, 2018

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE